

**FILED**
**Jul 16, 2025**
**07:34 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Michael Lowe | ) Docket No.       2023-01-5778 |
| | ) |
| v. | ) State File No.   860360-2023 |
| | ) |
| Barton Malow/The Fred Christen | ) |
| & Sons Company, et al. | ) |
| | ) |
| and | ) |
| | ) |
| Troy Haley, Administrator of the Bureau | ) |
| of Workers' Compensation Subsequent | ) |
| Injury & Vocational Recovery Fund | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas L. Wyatt, Judge | ) |

---
### Affirmed and Remanded
---

In this interlocutory appeal, the employee challenges the trial court's order compelling him to participate in a discovery deposition. At a scheduling conference, the employee asked that an expedited hearing be set; however, the employer objected to setting the hearing, citing the employee's failure to update his written discovery responses, and it requested the opportunity to depose the employee. Following that hearing, the trial court issued an order granting the employer's request and instructing the employee to attend a discovery deposition. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order, find this appeal frivolous, and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Michael Lowe, Dothan, Alabama, employee-appellant, pro se

Joseph T. Lynch, Knoxville, Tennessee, for the employer-appellee, Barton Malow/The Fred Christen & Sons Company

Allison D. Lowry, Knoxville, Tennessee, for the appellee, Subsequent Injury Fund

1

**Memorandum Opinion[1]**

Michael Lowe ("Employee"), a resident of Alabama, filed a petition for benefit determination on August 22, 2023, stating he fell off a roof on September 17, 2022, while working for Barton Malow/The Fred Christen & Sons Company ("Employer") on a job site in Spring Hill, Tennessee. Employee alleged pelvic, right leg, and right shoulder fractures as a result of the accident and sought medical treatment, temporary and permanent disability benefits, and vocational rehabilitation.

At a status conference in March 2024, at which Employee was represented by counsel, the parties indicated to the court that they were ready to proceed to mediation. Despite reaching a tentative settlement agreement during mediation, they were unable to reach a final settlement for approval by the court. After mediation, counsel for Employee requested and was given permission from the trial court to withdraw from the case. Thereafter, Employee, representing himself, filed a Request for Expedited Hearing accompanied by a Rule 72 declaration stating: "I am of sound mind" and "This conclude[s] my affidavit. Reserve my rights UCC 1-307." At another status conference in July 2024, the trial court explained it could not set an expedited hearing because the Rule 72 declaration was insufficient. The court encouraged Employee to contact an ombudsman, and it set another status conference for October 2, 2024.

Before the October status conference could take place, Employee filed a Request for "Writ of Mandamus" with the trial court. The trial court denied the request on jurisdictional, procedural, and other grounds, and it set another status conference for December. Before that status conference, upon motion of Employer, the court issued an order on November 26, 2024, compelling Employee to supplement his discovery responses and provide signed medical records authorizations to Employer within thirty days. The status conference proceeded on December 2, 2024, at which time Employee challenged Employer's contention that he had been placed at maximum medical improvement. Given the information before it, the trial court again encouraged Employee to speak with an ombudsman, and it set a scheduling hearing for January 2025.

It appears from the record that, instead of holding a scheduling hearing in January, the trial court set a February 2025 hearing to consider a motion for sanctions filed by Employer. Following that hearing, the trial court determined Employee had not complied with its November 26 order to supplement his written discovery responses and sanctioned Employee by limiting his witnesses to those already identified in his discovery responses pursuant to Tennessee Rule of Civil Procedure 37.02(B). Employee attempted to appeal that order, but he did not send his notice of appeal to the correct email address for the

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

Clerk of the Court of Workers' Compensation Claims. After the notice of appeal was eventually received and filed, we dismissed it as untimely and remanded the case to the trial court.

On remand, the trial court held a status conference on May 12, 2025. At that time, Employee asked the court to schedule an expedited hearing. Conversely, Employer asked to depose Employee prior to any such expedited hearing in order to assess the issues for that hearing, as Employee had not supplemented his Rule 72 declaration or his discovery responses despite having been ordered by the court to do so. The court ordered Employee to participate in a deposition on June 30, 2025, in Chattanooga, Tennessee, and Employee has appealed.

Employee contends that by declining to set his request for expedited hearing and reinstate temporary benefits, the trial court has violated his "right to due process." We conclude, however, that any such allegation is baseless given that Employee has not, to date, filed a proper request for an expedited hearing that is adequately supported by an affidavit or Rule 72 declaration as required by applicable regulations. Moreover, Employee has failed to properly seek an expedited hearing despite having been notified by the court that the request he filed was deficient and having been encouraged on more than one occasion to seek assistance from an ombudsman provided by the Bureau. *See* Tenn. Comp. R. & Regs. 0800-02-21-.15(1) (2023). Further, the trial court has not denied Employee an opportunity to pursue benefits at an expedited hearing. Rather, due to Employee's failure to cooperate fully in discovery, the court has delayed setting any such hearing and instead allowed Employer to depose Employee so it can seek the information necessary before such a hearing can take place.

A trial court's decisions regarding pretrial discovery are discretionary, and an appellate court's review of such a decision applies an "abuse of discretion" standard of review. *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005). An abuse of discretion is found if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). Employee has filed a document entitled "Do Not Consent To Order Of Deposition" and a second document, entitled "Summary Of The Facts," which we choose to view as his appellate brief and reply brief. Both documents focus on the merits of Employee's case and his desire for further medical and temporary disability benefits. They provide no legal authority or argument that the trial court's decision to order him to attend a discovery deposition prior to the setting of an expedited hearing is an abuse of discretion.

In short, Employee has failed to comply with court orders to supplement his written discovery responses. He has further failed to file a legally sufficient, adequately

3

supported request for a hearing, despite the trial court's explanation as to the deficiencies of the one he did file. He has offered no legal argument as to why the trial court's actions constituted an abuse of discretion, and he has offered no legal authority supporting his assertion of a due process violation. Based on the totality of the record, including the actions of Employee, we conclude the trial court did not abuse its discretion in ordering Employee attend a discovery deposition.

Finally, Employer has requested that we find this appeal to be frivolous. As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11 (citations omitted). We conclude Employee's appeal is devoid of merit and is frivolous. However, in considering the totality of the circumstances, we exercise our discretion not to award attorneys' fees or other expenses for Employee's frivolous appeal on this occasion. *See* Tenn. Comp. R. & Regs. 0800-02-22-.09(4) (2023).

Accordingly, the trial court's order is affirmed, and the case is remanded. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Michael Lowe | ) | Docket No.  2023-01-5778 |
| | ) | |
| v. | ) | State File No.  860360-2023 |
| | ) | |
| Barton Malow/The Fred Christen | ) | |
| & Sons Company, et al. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Troy Haley, Administrator of the Bureau | ) | |
| of Workers' Compensation Subsequent | ) | |
| Injury & Vocational Recovery Fund | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of July, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Michael Lowe | | | | X | wesleyavenue1467@gmail.com |
| Joseph Lynch | | | | X | joe.lynch@petersonwhite.com brandi.baty@petersonwhite.com |
| Allison Lowry | | | | X | allison.lowry@tn.gov |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov